IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHNNY CRAWFORD and
SHELLIE CRAWFORD                                                              PLAINTIFFS

VS.                                                      CIVIL ACTION NO. 4:05 V186LN

HARE MORTGAGE, LLC; HARE
MORTGAGE, INC.; RHONDA HARE;
CAROLYN TURNER; W.M.C. MORTGAGE
CORPORATION; BANK ONE, N.A., f/k/a The
First National Bank of Chicago, as Trustee under
the Pooling and Servicing Agreement dated 9/1/98,
WMC Series 1998-B, Without Recourse; SELECT
PORTFOLIO SERVICING, INC. and JOHN
MORRIS, III                                                                    DEFENDANTS

## ORDER

This matter came before the court on the Motion of W.M.C. Mortgage Corporation for Additional Time to Respond to Motion to Remand for the Purpose of Conducting Remand and Referral Related Discovery. The basis of the Motion is WMC's request to conduct discovery related to its claim that the non-diverse Defendants were fraudulently joined. The Plaintiffs oppose the Motion on grounds that such discovery has been discouraged in this Circuit by the opinion in *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004). The Plaintiffs further claim that discovery on the application of Mississippi's general statute of limitations, Miss. Code Ann. § 15-1-49 (1972 & Supp. 2005), is unnecessary, as they are claiming fraudulent concealment. In rebuttal, WMC cites two more recent Fifth Circuit opinions that discuss the issue of discovery to develop remand-related issues.

Before ordering remand-related discovery, particularly in light of *Smallwood's* directive that the cases in which it is allowed should be "few in number," the court must determine the purpose

of that discovery. 385 F.3d at 573. Here, WMC argues, first, that certain documents related to the transactions at issue were not attached to the Complaint. Additionally, WMC argues that the statute of limitations has run on the Plaintiffs' claims against the non-diverse Defendants. A cursory review of the Complaint filed in state court reveals that none of the specified actions that are identified by date occurred after April, 2002. The Complaint was filed in July, 2005, thus suggesting that the statute of limitations might apply to the claims against all of the Defendants.

The pivotal issue in *Smallwood* was whether federal jurisdiction could be predicated on a defense that applied equally to all defendants, not just the non-diverse ones, which, in that case, was federal preemption. "When the only proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants rather than to the in-state defendants alone, the requisite showing has not been made." 385 F.3d at 575. That decision has been further explained in *Boone v. Citigroup, Inc.*, 416 F.3d 382 (5th Cir. 2005). In *Boone*, a consumer fraud case, the common defense was the statute of limitations. The court reviewed the claims of the plaintiffs and noted that their claims against the diverse defendants were based on more than vicarious liability for the acts of the resident defendants. Instead, the plaintiffs claimed that the non-diverse defendants were **directly** liable to them as a result of their own acts. Thus, the court held, the claims were "analytically distinct," and *Smallwood* did not apply. 416 F.3d at 391-92.

Here, the Plaintiffs claim, *inter alia*, that "WMC, Fairbanks, Bank One, and Morris [all diverse Defendants], despite repeated requests to investigate the fraudulent loan perpetuated against the Crawfords, have continued to pursue collection of the fraudulent debt and attempt foreclosure of the Deed of Trust." These acts are "analytically distinct" from the wrongful acts alleged against

the resident Defendants by the Plaintiffs.  They may or may not be barred by Mississippi's statute of limitations.  Therefore, *Smallwood's* prohibition against using a common defense to prevent remand should not apply, at least on the facts currently before the court.  That being the case, the court is of the opinion that this is one of the "few" cases in which remand-related discovery should be permitted.

IT IS, THEREFORE, ORDERED that the Defendant's Motion for Additional Time to Respond to Motion to Remand for the Purpose of Conducting Remand and Referral Related Discovery is hereby **granted**.  The parties may conduct such discovery until April 10, 2006, and the Defendants shall have until April 24, 2006, within which to respond to the Defendants' Motion to Remand.

IT IS SO ORDERED, this the 8th day of February, 2006.

                                                          S/Alfred G. Nicols, Jr.
                                        UNITED STATES MAGISTRATE JUDGE