IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHNNY CRAWFORD and
SHELLIE CRAWFORD                                                           PLAINTIFFS

VS.                                                    CIVIL ACTION NO. 4:05CV186LR

HARE MORTGAGE, LLC; HARE
MORTGAGE, INC.; RHONDA HARE;
CAROLYN TURNER; W.M.C. MORTGAGE
CORPORATION; BANK ONE, N.A., f/k/a The
First National Bank of Chicago, as Trustee under
the Pooling and Servicing Agreement dated 9/1/98,
WMC Series 1998-B, Without Recourse; SELECT
PORTFOLIO SERVICING, INC. and JOHN
MORRIS, III                                                                  DEFENDANTS

## ORDER

This matter came before the court on the Plaintiffs' Motion to Quash Subpoenas Duces Tecum. The basis for the Motion is the recent service of subpoenas by W.M.C. Mortgage Corporation on certain financial institutions from which the Plaintiffs have sought financing for the mortgage at issue in this cause. A Motion to Remand is pending, and the Plaintiffs argue that the information sought by the subpoenas is outside the scope of remand-related discovery and, additionally, in violation of the Gramm-Leach Bliley Act.

In ruling on an earlier Motion seeking time to conduct remand-related discovery, the court had occasion to review the Plaintiffs' claims in the context of of *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004). There, the Fifth Circuit suggested that cases in which remand-related discovery is permitted should be "few in number." 385 F.3d at 573. However, given that the removal in this case was based on a claim of fraudulent joinder, and given that the acts claimed to have been committed by the non-diverse Defendants were "analytically distinct" from

those committed by the diverse Defendants, the court held that this was a case in which discovery should be permitted to proceed. *Boone v. Citigroup, Inc.*, 416 F.3d 382, 391-92 (5th Cir. 2005). The issue now before the court is whether the subpoenas issued by WMC Mortgage fall within the test enunciated in *Smallwood*, that remand-related discovery should only be permitted "on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity." 385 F.3d at 574.

In determining the appropriateness of remand-related discovery, the Fifth Circuit has taught that the court must consider the length of time taken to resolve remand issues and the scope of discovery permitted for the discovery process. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 311-12 (5th Cir. 2005). This case was removed on November 23, 2005, and the Motion to Remand was filed on December 22. The time granted by the court for remand-related discovery was to expire on April 10, 2006. The docket indicates that both sides have actively engaged in discovery since that time, by paper discovery requests, depositions, and subpoenas to non-parties. Therefore, the time taken thus far to conduct remand-related discovery is equally attributable to both sides.

With regard to the scope of discovery, the Defendants claim that they are seeking information relative to the Plaintiffs' anticipated claim of fraudulent concealment. The underlying claim in this case is that the Defendants conspired to inflate the value of the Plaintiffs' property for purposes of financing a bigger loan. The Defendants argue that the discovery sought from these non-party financial institutions, both before and after the mortgage loan in question, would establish that the Plaintiffs were aware of the value of their property, thereby casting doubt on any fraudulent concealment claim. This sort of discovery could be relevant to the issue of remand if it establishes that the Plaintiffs were aware of the actual value of their property on a date that would extinguish

their claims against the non-diverse Defendants. It is likely, although not inevitable, that such a development would extinguish the Plaintiffs' claim against all of the Defendants, possibly defeating the intent of *Smallwood*. Having found, however, that the Plaintiffs' claims against the Defendants are analytically distinct, it is possible that they will rely on some other basis to claim fraudulent concealment against the diverse Defendants. Therefore, although the issue is close, the court is of the opinion that the discovery should be permitted. The court further finds that 15 U.S.C. § 6802(8) permits the disclosure of the information sought pursuant to a validly issued subpoena.

IT IS, THEREFORE, ORDERED that the Plaintiffs' Motion to Quash Subpoena Duces Tecum is hereby **denied**.

IT IS SO ORDERED, this the 25th day of April, 2006.

S/John M. Roper
UNITED STATES MAGISTRATE JUDGE