**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

JOHNNY CRAWFORD and
SHELLIE CRAWFORD                                                      **PLAINTIFFS**

VS.                                                    CIVIL ACTION NO. 4:05CV186LR

HARE MORTGAGE, LLC; HARE
MORTGAGE, INC.; RHONDA HARE;
CAROLYN TURNER; W.M.C. MORTGAGE
CORPORATION; BANK ONE, N.A., f/k/a The
First National Bank of Chicago, as Trustee under
the Pooling and Servicing Agreement dated 9/1/98,
WMC Series 1998-B, Without Recourse; SELECT
PORTFOLIO SERVICING, INC. and JOHN
MORRIS, III                                                          **DEFENDANTS**

---

## ORDER

This matter came before the court on the Plaintiffs' Motion to Compel, by which they seek more complete responses to discovery requests previously propounded to Defendant W.M.C. Mortgage Corporation ("WMC"), which they contend are related to their Motion to Remand. This court recently addressed the issue of remand-related discovery, in the context of a Motion to Quash, and it held that the Defendants were entitled to discovery on the issue of the Plaintiffs' loan applications to other financial institutions, for the purpose of attacking the issue of fraudulent concealment. Therefore, the court has reviewed the Plaintiffs' discovery requests in the same context, and makes the following rulings with regard to the individual discovery requests at issue:

**Interrogatory No. 2:** This Request seeks the identification of any person participating in the handling of their mortgage loan. In support of their Motion, the Plaintiffs argue that they are entitled to know "who did what" on behalf of WMC regarding their loan. The court is of the opinion that this Interrogatory is not directed toward remand-related issues, which are based on allegations

of a fraudulent appraisal and an inflated mortgage loan.  General information regarding the handling of their mortgage loan is not relevant to those issues, and the Motion to Compel will be denied as to this Interrogatory.

**Interrogatory No. 3:**    This Request seeks identification of all documents evidencing communications between the Plaintiffs and each Defendant related to the mortgage loan.    The Plaintiffs argue that these documents are necessary to reflect that the Plaintiffs requested a copy of their appraisal, and their request was denied.    The court agrees that, to the extent any communications reflect such a request, they are relevant to the remand motion.  Therefore, the Motion to Compel will be granted as to this Interrogatory, but only to the extent that any responsive documents reflect requests for the Plaintiffs' appraisal and the Defendants' response to that request.

**Interrogatory No. 4:**    This Request seeks identification of all manuals, policy rules, and regulations relating to residential mortgage loans.  The Plaintiffs argue that these documents will show that the Defendants deviated from company policy in handling their mortgage loan.  This information is not relevant at this point, as it goes to the merits of the case; therefore, the Motion to Compel will be denied at this time.

**Interrogatory No. 5:**    This Request seeks detailed information on each denial of a Request for Admission.  As will be further detailed below, the only Requests for Admission that the court found relevant to remand-related issues are 12 and 13, which seek admissions on the Plaintiffs' requests for a copy of their appraisal.  As this issue is critical to any claim of fraudulent concealment, the Motion to Compel will be granted as to this Request.

**Interrogatory No. 6:**    This Request seeks identification of each loan originated for WMC by Hare Mortgage on residential real estate in Wayne County, involving appraisals performed by

2

Carolyn Turner.  The Plaintiffs argue that this information will show scienter, which is not an issue at this time.  The Motion to Compel will be denied as to this Request.

**Interrogatory No. 7:**   This Request seeks an explanation as to amounts paid to W & L Associates, Hare Mortgage and Carolyn Turner, which the Plaintiffs argue will demonstrate the scheme to defraud them.  Again, this information is related to the merits of the case, rather than the Motion to Remand, and the Motion to Compel will be denied as to this Request.

**Interrogatory No. 8:**   This Request seeks information on W & L Associates and its participation in the mortgage loan.  W & L Associates is not a part to this action, and information regarding its activities is not relevant to the Motion to Remand; therefore, the Motion to Compel will be denied as to this Request.

**Request for Production No. 1:** This Request seeks a copy of the Plaintiffs' entire loan file.  This file would, no doubt, contain some information that is related more to the merits of the case than to the Motion to Remand.  However, production of the entire file is not appreciably more burdensome than producing only parts, and, clearly, the entire file would have to be produced at some point.  In fact, it could be argued that the file should have been produced as part of pre-discovery disclosure.  Therefore, the Motion to Compel will be granted as to this Request.

**Requests for Production Nos. 2, 3 and 4:**  These Requests seek copies of communications on various issues between all of the Defendants, and W & L Associates, a non-party, relating to the Plaintiffs' mortgage loan.  Part of the rationale for these Requests is that WMC has not produced the entire loan file, which the court has now ordered to be submitted to the Plaintiffs.  Other responsive information goes beyond the bounds of remand-related discovery, and the Motion to Compel will be denied as to these Requests.

3

**Request for Production No. 5:**  This Request seeks documents that reflect the Plaintiffs' requests for their appraisal.  WMC argues that it has no responsive documents, a response that the court must accept as accurate.  Such documents would certainly be relevant, and the Motion to Compel will be granted as to this Request, in the event documents are later discovered.

**Request for Production No. 6:**  This Request seeks copies of manuals, instructions, etc. regarding services provided to the Crawfords.  This Request is beyond the scope of remand-related discovery, and the Motion to Compel will be denied as to this Request.

**Request for Production No. 7:**  This Request seeks copies of contracts between WMC and several other Defendants.  The Defendants have objected to producing anything except the Wholesale Origination Agreement with Hare Mortgage Co., an entity that the Plaintiffs claim does not exist.  As that is the only objection to this Response proffered by the Plaintiffs, the Motion to Compel will be denied as to this Request.

**Request for Production No. 8:**  This Request seeks documents related to audits or investigations of the Plaintiffs' mortgage loan, which is outside the scope of remand-related discovery.  The Motion to Compel will be denied as to this Request.

**Request for Production No. 9:**  This Request seeks copies of all appraisals performed by Carolyn Turner involving loans originated by WMC for Hare Mortgage.  This Request is outside the scope of remand-related discovery, and the Motion to Compel will be denied as to this Request.

**Request for Production No. 10:**  This Request seek documents reflecting payments from WMC to other Defendants from January 1, 1996, to the present.  This Request is outside the scope of remand-related discovery, and the Motion to Compel will be denied as to this Request.

**Requests for Production Nos. 11, 13**:  These Requests seek documents reflecting payments related to the mortgage loan, which is beyond the bounds of discovery related to the Motion to Remand.  The Motion to Compel will be denied as to these Requests.

**Request for Production No. 14**:  This Request seeks "copies of all contracts for services" between WMC and certain Defendants.  This Request is outside the scope of remand-related discovery, and the Motion to Compel will be denied as to this Request.

**Request for Production No. 15**:  This Request seeks 1099's issued by WMC to certain Defendants.  This Request is outside the scope of remand-related discovery, and the Motion to Compel will be denied as to this Request.

**Request for Production No. 16**:  This Request seeks copies of documents identified in the responses to Interrogatories.  Since the WMC's obligation to respond to those Interrogatories has been limited, the Motion to Compel will be granted as to this Request.

**Requests for Admission Nos. 1-8, 14**:  The Plaintiffs make no argument as to why WMC's responses to these Requests were inadequate; therefore, the Motion to Compel will be denied as to these Requests.

**Requests for Admission Nos. 9, 10 and 11**:   These Requests ask WMC to admit to payments of fees related to the mortgage loan.  These Requests seek information outside the scope of remand-related discovery, and the Motion to Compel will be denied as to these Requests.

**Request for Admission No. 12**:   This Request asks WMC to admit that the Plaintiffs repeatedly requested copies of the appraisal of their property.  The court disagrees with WMC's objection as to relevance, and the Motion to Compel will be granted as to this Request.

**Request for Admission No. 13:**   This Requests asks WMC to admit that it refused to provide the Plaintiffs with a copy of their appraisal.  Again, this information is relevant to the issue of fraudulent concealment, and the Motion to Compel will be granted as to this Request.

IT IS, THEREFORE, ORDERED that the Plaintiffs' Motion to Compel is hereby **granted** in part and **denied** in part, as explained above.  WMC shall serve appropriate responses on or before May 19, 2006.

IT IS SO ORDERED, this the 10th day of May, 2006.


_____
S/John M. Roper
UNITED STATES MAGISTRATE JUDGE