**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**JOHNNY CRAWFORD and
SHELLIE CRAWFORD**                                                                                    **PLAINTIFFS**

**VS.**                                                                    **CIVIL ACTION NO. 4:05CV186LR**

**HARE MORTGAGE, LLC; HARE
MORTGAGE, INC.; RHONDA HARE;
CAROLYN TURNER; W.M.C. MORTGAGE
CORPORATION; BANK ONE, N.A., f/k/a The
First National Bank of Chicago, as Trustee under
the Pooling and Servicing Agreement dated 9/1/98,
WMC Series 1998-B, Without Recourse; SELECT
PORTFOLIO SERVICING, INC. and JOHN
MORRIS, III**                                                                                              **DEFENDANTS**

## ORDER

This matter came before the court on the Motion to Strike Errata Sheets filed by Defendant WMC Mortgage Corp. The basis for the Motion is the Plaintiffs' submission, pursuant to Fed. R. Civ. P. 30(e), of errata sheets containing "clarifications" and "corrections" to the Plaintiffs' deposition testimony, many of which materially alter the Plaintiffs' deposition testimony. Some of the changes, in fact, directly refute the testimony given at their depositions. Two reasons are supplied for each change; it is either a "correction" or a "clarification." The term "correction" appears to have been used in every case where testimony was directly refuted – e.g., where an answer was changed from "no" to "yes" – while the term "clarification" was used in other instances.

Fed. R. Civ. P. 30(e) permits a party to make changes to the "form or substance" of their deposition answers, so long as the changes are made within thirty days after the transcript is available for review, and provided that the deponent signs a statement reciting the changes and the reasons therefor. As the parties have pointed out, there is substantial disagreement among the federal district

courts as to the extent of permissible changes. While the Fifth Circuit has not spoken on the issue, courts in both the Eastern Division and the Western Division of Louisiana have held that a party may not make substantial changes in his deposition testimony at a later date. *Walker v. Yellow Freight Systems, Inc.*, No. Civ. A. 98-3565, 1999 WL 955364 at **6-7 (E. D. La. Oct. 19, 1999); *Greenway v. Int'l Paper Co.*, 144 F.R.D. 322, 325 (W. D. La. 1992). Conversely, the Northern District of Texas has permitted a deponent to make later substantive changes to deposition testimony. *Reilly v. TXU Corp.*, 230 F.R.D. 486, 488 (N. D. Tex. 2005). A review of cases from other jurisdictions reveals that courts across the country are split on this issue.

The Fifth Circuit **has** held, however, in a unpublished opinion, that the procedural requirements of Rule 30(e) must be strictly followed. *Reed v. Hernandez*, 114 Fed. Appx. 609, 611 (5th Cir. 2004). While the court expressly declined to rule on the propriety of the substantive changes made by the deponent, it approved the exclusion of the changes on the basis of untimeliness, noting, "Rule 30(e) does not provide any exceptions to its requirements." *Id*. One of those requirements is that the deponent provide reasons for each change that he makes to his testimony. Even where substantive changes to deposition testimony are permitted, the reasons for the changes cannot be "conclusory." *Harthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1406-07 (N.D. Ill. 1993); *Holland v. Cedar Creek Min., Inc.*, 198 F.R.D. 651, 653 (S.D. W. Va. 2001).

The court need not address the propriety of making substantive changes in this instance, as it finds that the reasons given are inadequate. Here, the changes proposed by the Plaintiffs substantially alter – indeed, in many cases directly contradict – their earlier testimony. The court finds that the two one-word explanations offered by the Plaintiffs for these changes are insufficient to amount to "reasons" within the meaning of Rule 30(e), as changing a "yes" response to "no"

requires more rationale than the word "correction." Therefore, the strict requirements of the Rule have not been met, and the Motion to Strike should be granted.

IT IS, THEREFORE, ORDERED that the Plaintiffs' Motion to Strike Errata Sheets is hereby **granted.**

IT IS SO ORDERED, this the 10th day of July, 2006.

S/John M. Roper<br>UNITED STATES MAGISTRATE JUDGE